DANIEL TANNENBAUM, ESQ.
576 Fifth Avenue, Suite 903
New York, New York 10036
Telephone: (212) 457-1699
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
STEVEN MUNOZ individually, STEVEN
MUNOZ on behalf of others similarly situated,

                      *Plaintiff*,                                    **COMPLAINT**

              -against-                       **COLLECTIVE ACTION UNDER**
                                                       **29 U.S.C. § 216(b)**

ACCESS: SUPPORTS FOR LIVING, INC.
(D/B/A ACCESS: SUPPORTS FOR LIVING)
ACCESS: SUPPORTS FOR LIVING
FOUNDATION, INC. (D/B/A ACCESS:                **ECF Case**
SUPPORTS FOR LIVING) OCCUPATIONS,
INC., FAMILY EMPOWERMENT
COUNCIL INC., and SEAN GEROW

                      *Defendants.*
---------------------------------------------------------X

Plaintiff Steven Munoz ("Plaintiff Munoz" or "Mr. Munoz"), individually and on behalf of others similarly situated, by and through his attorney DANIEL TANNENBAUM, ESQ., and as against ACCESS: SUPPORTS FOR LIVING, INC. (D/B/A ACCESS SUPPORTS FOR LIVING) ACCESS: SUPPORTS FOR LIVING FOUNDATION, INC. (D/B/A ACCESS SUPPORTS FOR LIVING) OCCUPATIONS, INC., FAMILY EMPOWERMENT COUNCIL INC., ("Defendant Corporations") and Sean Gerow ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

      1.      Plaintiff Munoz is a former employee of Defendants ACCESS: SUPPORTS FOR LIVING, INC. (D/B/A ACCESS SUPPORTS FOR LIVING) ACCESS: SUPPORTS FOR

LIVING FOUNDATION, INC. (D/B/A ACCESS SUPPORTS FOR LIVING) OCCUPATIONS, INC., FAMILY EMPOWERMENT COUNCIL INC., and Sean Gerow.

2. Defendants own, operate, or control an agency, located at 15 Fortune Road West Middletown, NY 10941 operating under the name Access Supports For Living.

3. Upon information and belief, individual Defendant Sean Gerow, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the business as a joint or unified enterprise.

4. Plaintiff Munoz was an employee of Defendants.

5. Plaintiff Munoz was employed as a home health aide.

6. At all times relevant to this Complaint, Plaintiff Munoz worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Munoz appropriately for any hours worked.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Munoz to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9. Defendants' conduct extended beyond Plaintiff Munoz to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Munoz and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Munoz now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938,

29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.6 (herein the spread of Hours Wage Order, including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Munoz seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Munoz's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a facility located in this district. Further, Plaintiff Munoz was employed by Defendants in this district.

15. Plaintiff Munoz now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. ?201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), including applicable liquidated damages, interest, attorneys' fees and costs.

## PARTIES

*Plaintiff*

16. Plaintiff Steven Munoz ("Plaintiff Munoz" or "Mr. Munoz") is an adult individual residing in Orange County, New York.

17. Plaintiff Munoz was employed by Defendants ACCESS: SUPPORTS FOR LIVING, INC. (D/B/A ACCESS SUPPORTS FOR LIVING) ACCESS: SUPPORTS FOR LIVING FOUNDATION, INC. (D/B/A ACCESS SUPPORTS FOR LIVING) OCCUPATIONS, INC., FAMILY EMPOWERMENT COUNCIL INC. and Sean Gerow, from approximately 2014 until November, 2020.

18. Plaintiff Munoz consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b). and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19. At all relevant times, Defendants own, operate, or control an agency, located at 15 Fortune Road West Middletown, NY 10941 under the name ACCESS: SUPPORTS FOR LIVING, INC. (D/B/A ACCESS: SUPPORTS FOR LIVING) ACCESS: SUPPORTS FOR LIVING FOUNDATION, INC. (D/B/A ACCESS: SUPPORTS FOR LIVING) OCCUPATIONS, INC., and FAMILY EMPOWERMENT COUNCIL INC.

20. Upon information and belief, ACCESS: SUPPORTS FOR LIVING, INC. (D/B/A ACCESS: SUPPORTS FOR LIVING) ACCESS: SUPPORTS FOR LIVING FOUNDATION, INC. (D/B/A ACCESS: SUPPORTS FOR LIVING) OCCUPATIONS, INC., FAMILY EMPOWERMENT COUNCIL INC. are domestic corporations organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 15 Fortune Road West Middletown, NY 10941

21. Defendant Sean Gerow is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sean Gerow is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Sean Gerow possesses or possessed operational control over Defendant Corporation, has or had an ownership interest in Defendant Corporation, or controlled significant functions of Defendant

Corporation. He determines or determined the wages and compensation of the employees of Defendants, including Plaintiff Munoz, establish the schedules of the employees, maintains employee records, and has or had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a health care agency located in New York. State.

23. Individual Defendant, Sean Gerow, possesses or possessed operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Individual Defendant possessed substantial control over Plaintiff Munoz's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Munoz.

26. Defendants jointly employed Plaintiff Munoz and are Plaintiff Munoz's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Munoz.

28. Upon information and belief, Individual Defendant Sean Gerow operates Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Munoz's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Munoz, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Munoz's services.

30. In each year from 2015 to 2020, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the facility on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Munoz is a former employee of Defendants who was employed as a home health aide.

*Plaintiff Steven Munoz*

33. Plaintiff Munoz was employed by Defendants from approximately 2014 until November, 2020.

34. Defendants employed Plaintiff Munoz as a home health aide.

35. Plaintiff Munoz regularly handled goods in interstate commerce, such as medical supplies and other supplies produced outside the State of New York.

36. From approximately January 2015 until on or about December 2015, Plaintiff Munoz worked from approximately 8:00 a.m. until on or about 6:00 p.m, 3 days a week (typically 30 hours per week) and 8:00 p.m. until on or about 6:00 p.m, 4 days a week (typically 40 hours per week), alternating between three and four day workweeks.

37. From approximately January 2016 until on or about December 2016, Plaintiff Munoz worked from approximately 8:00 a.m. until on or about 8:00 a.m, 3 days a week (typically 72 hours per week) and 8:00 a.m. until on or about 8:00 a.m, 4 days a week (typically 96 hours per week), alternating between three and four day workweeks.

38. From approximately January 2017 until on or about December 2017, Plaintiff Munoz worked from approximately 8:00 a.m. until on or about 8:00 a.m, 4 days a week (typically 96 hours per week)

39. From approximately January 2018 until on or about December 2018, Plaintiff Munoz worked from approximately 8:00 a.m. until on or about 8:00 a.m, 3 days a week (typically 72 hours per week) and 8:00 a.m. until on or about 8:00 a.m, 4 days a week (typically 96 hours per week), alternating between three and four day workweeks.

40. From approximately January 2019 until on or about December 2019, Plaintiff Munoz worked from approximately 8:00 a.m. until on or about 8:00 a.m, 3 days a week (typically 72 hours per week) and 8:00 a.m. until on or about 8:00 a.m, 4 days a week (typically 96 hours per week), alternating between three and four day workweeks.

41. From approximately January 2020 until on or about November 2020, Plaintiff Munoz worked from approximately 8:00 a.m. until on or about 8:00 a.m, 3 days a week (typically 72 hours per week) and 8:00 a.m. until on or about 8:00 a.m, 4 days a week (typically 96 hours per week), alternating between three and four day workweeks.

42. Throughout his employment, Defendants paid Plaintiff Munoz his wages by check.

43. From approximately January 2015 until on or about December 2018, Defendants paid Plaintiff Munoz on an hourly basis, at the rate of $11.00 per hour.

44. From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Munoz on an hourly basis, at the rate of $11.80 per hour.

45. From approximately January 2020 until on or about November 2020, Defendants paid Plaintiff Munoz on an hourly basis, at the rate of $12.00 per hour.

46. Plaintiff Munoz's pay did not vary even when he was required to stay later or work a longer day than her usual schedule.

47. Defendants never granted Plaintiff Munoz any breaks or meal periods of any kind.

48. Plaintiff Munoz never received uninterrupted sleep breaks of five hours or meal breaks of three hours when working a 24 hour shift.

49. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Munoz regarding overtime and wages under the FLSA and NYLL.

50. Defendants did not provide Plaintiff Munoz an accurate statement of wages, as required by NYLL 195(3).

51. Defendants did not give any notice to Plaintiff Munoz of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Munoz(and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

53. Plaintiff Munoz was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

54. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Munoz worked, and to avoid paying Plaintiff Munoz properly for his full hours worked.

56. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

57. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Munoz (and all similarly situated employees).

58. Defendants failed to provide Plaintiff Munoz with accurate wage statements at the time of her payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of

pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

## FLSA COLLECTIVE ACTION CLAIMS

59.     Plaintiff Munoz brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

60.     At all relevant times, Plaintiff Munoz and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

61.     The claims of Plaintiff Munoz stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

62.     Plaintiff Munoz repeats and realleges all paragraphs above as though fully set forth herein.

63.     At all times relevant to this action, Defendants were Plaintiff Munoz's employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Munoz (and the FLSA Class Members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

64. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

65. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

66. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Munoz (and the FLSA Class Members), overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

67. Defendants' failure to pay Plaintiff Munoz (and the FLSA Class Members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

68. Plaintiff Munoz (and the FLSA Class Members), was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

69. Plaintiff Munoz repeats and realleges all paragraphs above as though fully set forth herein.

70. At all times relevant to this action, Defendants were Plaintiff Munoz's employers within the meaning of the N.Y. Lab. Law Ë 2 and 651. Defendants had the power to hire and fire Plaintiff Munoz, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

71. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Munoz overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

72. Defendants' failure to pay Plaintiff Munoz overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

73. Plaintiff Munoz was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

74. Plaintiff Munoz repeats and realleges all paragraphs above as though fully set forth herein.

75. Defendants failed to provide Plaintiff Munoz with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

76. Defendants are liable to Plaintiff Munoz in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

77. Plaintiff Munoz repeats and realleges all paragraphs above as though fully set forth herein.

78. With each payment of wages, Defendants failed to provide Plaintiff Munoz with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or

rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

79. Defendants are liable to Plaintiff Munoz in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Munoz respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Munoz and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Munoz's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Munoz and the FLSA Class members;

(e) Awarding Plaintiff Munoz and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Munoz and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. ?216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Munoz;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Munoz's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Munoz;

(j) Awarding Plaintiff Munoz damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff Munoz damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL Ë198(1-b), 198(1-d);

(l) Awarding Plaintiff Munoz liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL ?663 as applicable; and liquidated damages pursuant to NYLL ?198(3);

(m) Awarding Plaintiff Munoz and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Munoz and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

14

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Munoz demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
April 1, 2021

By: /s Daniel Tannenbaum
DANIEL TANNENBAUM, ESQ.
576 Fifth Avenue, Suite 903
New York, New York 10036
Telephone: (212) 457-1699
*Attorneys for Plaintiff*



# Daniel Tannenbaum, Esq.

576 Fifth Avenue, Suite 903
New York, NY 10036
Telephone: (212) 457-1699

March 10, 2021

TO:    Clerk of Court,

**I hereby consent to join this lawsuit as a party plaintiff.**
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Steven Munoz

Legal Representative / Abogado:       Daniel Tannenbaum, Esq.

Signature / Firma:                    */s/ Steven Munoz*

Date / Fecha:                         March 11, 2021